Argued and submitted September 15, affirmed December 8, 1980

# STATE OF OREGON,
*Appellant,*

*v.*

# YOLANDA D. RILEY,
*Respondent.*

(No. DA 188497, CA 17671)

619 P2d 1364

Karen H. Green, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

David L. Slader, Portland, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

The state appeals pursuant to ORS 138.060(1) from a district court order dismissing a complaint for attempted second degree theft. Defendant was charged with second degree theft and attempted second degree theft. She pleaded guilty to the charge of second degree theft and was sentenced to 30 days in jail, with 26 days suspended. On its own motion the district court dismissed the charge of attempted second degree theft "in the interests of justice.":

THE COURT: "Okay. What would you like to do? [Defendant] apparently wants to plead on this. Is the state prepared to dismiss anything or reduce anything in return for her plea? I don't see any reason \*\*\*.

PROSECUTOR: [interrupting] "Your Honor, may we have a couple of minutes on this, and my colleague will review the file.

THE COURT: "Yeah, I would like to leave open to her the possibility in the future of maybe getting her record expunged, you know, if we can.
"\* \* \* \* \*

PROSECUTOR: "Your Honor, the State is ready with Yolanda Riley. As much as we appreciate the Court's suggestion that we drop one and leave another, it's not indicated, Your Honor.

THE COURT: "Does she have another \*\*\*

PROSECUTOR: "This charge gave her the chance to start all over again. Within a month, she does the same thing at another establishment, stealing the same type of item. So either she's got an attitude problem or she's a kleptomaniac. She needs to be helped. She needs to get the message.

THE COURT: "Does she have a juvenile record?

PROSECUTOR: "No. So apparently she does not realize that doing this is as serious as it is. We will have the recommendation that the charges remain the same. If she wishes to plead guilty to both, she may do so.

THE COURT: "Why did you go out and do it again so quickly? Can you think of any reason?

DEFENDANT: "Huh uh.

THE COURT: "No juvenile record. And within a month, you commit two crimes that could put you away for a year and a half. And you're eighteen years old and under the laws of the State of Oregon, if you have one conviction and then no trouble for three years you can have the record

expunged and you'll have a clean record and you'll never have been convicted of a crime.

"If you have two convictions, you cannot do that. You'll have a record that will last you the rest of your life. Someday when you want a job, if you want to get into the military, if you want to work for the government, you won't be able to. All because you did something stupid when you were eighteen.

"Did you think about that? Did you think about those things?

DEFENDANT: (no response).

THE COURT: "Well, I'll tell you what. The District Attorney has recommended that I accept guilty pleas in both these cases. In good conscience, the Court is most reluctant to do that. And I would like to, what I would like to do is see this attempted theft dismissed in the interests of justice, and the one theft in the second degree, entered a plea of guilty on. And then I will impose a sentence that will be somewhat harsh at the present time, but wouldn't last her the rest of her life. I think that would be just too harsh.

PROSECUTOR: "May it please the court, we'll do that *** on a *sua sponte* motion *** certainly, on a motion ***.

THE COURT: "All right, in the interests of justice, then, on this attempted theft in the second degree charge I'm going to dismiss it, on the court's own motion, and in the interests of justice, at least from the court's point of view. And the reason is, is that perhaps the court has a memory of what it did when the court was eighteen, ***."

The state argues that the court did not have the authority to enter the order of dismissal and that, even if it did, it abused its discretion in doing so. It is contended by defendant, however, that the state did not raise an objection that the court was acting outside its authority or that it was abusing its discretion. Instead, defendant claims the state was "preoccupied with avoiding the onus of leniency which they succeeded in doing by passing the buck to the court." She argues that the state in effect agreed to the order of dismissal on the *court's* motion, insisting only that the record reflect that the motion for dismissal was not made by the state.

The record clearly shows that the state did not intend to ask for the dismissal of one charge in exchange

for a plea of guilty on the other; it was the court that suggested an order of dismissal be entered. The record supports defendant's claim that the state agreed to the dismissal on the *sua sponte* motion. Under these circumstances, where the state did not object in the trial court to the entry of the order of dismissal, it cannot argue on appeal that the entry of the order was error. *See State v. Koennecke,* 274 Or 169, 174, 545 P2d 127 (1976).

Affirmed.